Saxe, J.,
dissents in part in a memorandum as follows: I respectfully dissent, to the extent that the majority upholds the custody determination. I agree with the majority that the record fails to provide sufficient support for the trial court’s child support award. However, I would remand the matter not just for a new determination of child support, but also for a new custody trial before a different judge, based on the fundamental unfairness created by the denial of the pro se plaintiffs right to have sufficient access, before trial, to the 84-page report prepared by the court-appointed psychologist on the issue of custody.
Expert reports by mental health professionals are an important element of child custody litigation. The procedure typically employed by New York trial courts in recent years is to provide *570 a copy of the expert’s report to the attorneys, with the direction that copies not be provided to the client or others outside the litigation team (see Tippins, Forensic Custody Reports: Where’s the Due Process?, NYLJ, May 6, 2010 at 3, col 1). In 2006, a Matrimonial Commission appointed by the Chief Judge recommended a procedure in which it attempted to balance due process concerns with concerns about confidentiality: “Copies of the reports should be given to counsel for the parties and the attorney for the child, with the express instruction that no additional copies be made or disseminated without court permission. Clients can review the report at the attorney’s office. If a litigant is self-represented, a separate copy of the report should be maintained at the courthouse for use by that litigant to review and make confidential notes. The litigant would not be permitted to remove this copy from the courthouse” (New York State Matrimonial Commission, Report to the Chief Judge of the State of New York, at 54 [Feb. 2006], available at http:// www.nycourts.gov/reports/matrimonialcommissionreport.pdf [accessed June 12, 2012]).
The court here provided copies of the expert’s December 16, 2010 report to the attorneys only. But, by the time of the pretrial conference held on February 24, 2011, plaintiff was proceeding pro se. In an effort to provide him with the information necessary for cross-examination of the expert, the court arranged that the social worker who had previously worked out a temporary visitation schedule between the parties would “sit with the parties and go over the report, and . . . explain to you what the report says, what it represents, and how the Court, what the Court will hear and consider, so that you will have the opportunity notwithstanding the fact that they gave a copy to your attorney.” Later at that same pretrial conference, plaintiff remarked that the forensic evaluation was going to be a very significant part of the case, and that he was going to need a lot of access to it; in response to the court’s warning that “[y]ou can’t take it with you and discuss it with another person,” plaintiff stated that he might be able to discuss it with an expert witness. The court then explained that not even an expert hired by a party would be given access to the forensic report: “Not everybody, including the experts. We don’t even show it to you and to you, and it’s about you. All right? This is just something that’s used as an aid to the Court. So you’re not going to have access. I’m not giving it to you to take with you, if that’s what you want” (emphasis added). Before trial began on May 9, 2011, plaintiff protested to the trial court that while he had reviewed some of the report with his attorney during the time when he was still represented, he had not been able to review the whole *571 report thoroughly, and he had not been able to prepare adequately for cross-examination of the expert regarding the report and its conclusions. After further discussion, plaintiff asked: “Will I have any access to that at all in this trial? Will I be able to? How am I supposed to prepare to cross examine him if I am not going to be able to see that report?” These legitimate questions were not satisfactorily handled.
Effective cross-examination of the forensic expert is not possible without access to the report. Once plaintiff was permitted to proceed pro se, it was incumbent on the court to give him access to the report equivalent to that which was given to his adversary, defendant’s counsel. In Matter of Isidro A.-M. v Mirta A. (74 AD3d 673, 674 [2010]), this Court considered another situation in which one parent was represented by counsel and the other was pro se, and we held that the denial of a copy of the report was not an improvident exercise of discretion, as long as the pro se party was permitted to review and take notes regarding the report before trial. We observed, however, that “the better practice in most cases would be to give counsel and pro se litigants access to the forensic report under the same conditions” (id.). At the very least, the court should have employed the procedure recommended by the Matrimonial Commission in 2006: if the litigant is not given a copy, then a separate copy of the report must be maintained at the courthouse for exclusive use by that litigant, for trial preparation and use during cross-examination of the expert.
Lacking adequate access to the expert’s report, the pro se plaintiff had no hope of successfully cross-examining the expert. This failure of due process should be corrected and a new trial granted.